

Renaissance One
Two North Central Avenue
Phoenix, Arizona 85004-2391
602.229.5200
Fax 602.229.5690
www.quarles.com

Attorneys at Law in
Chicago
Indianapolis
Madison
Milwaukee
Naples
Phoenix
Scottsdale
Tampa
Tucson
Washington, D.C.

Writer's Direct Dial: 602.230.4622
E-Mail: isaac.gabriel@quarles.com

July 7, 2016

Electronically Filed and Copy via Facsimile (212-805-4268)
The Honorable Gabriel W. Gorenstein
United States Courthouse
Courtroom 6B
500 Pearl St.
New York, NY 10007-1312

      RE:    *Spirit Realty, L.P. v. GH&H Mableton, LLC, et al.*, Case No. 15 Civ. 5304 (GWG): Request by Plaintiff Spirit Realty, LLP ("**Plaintiff**" or "**Spirit**") for conference with the Court pursuant to Local Civil Rule 37.2, Judge Gorenstein's Individual Practices ¶ 2(A) (Motions other than Discovery Motions), and Paragraph 3 of the Court's Order entered on December 15, 2015 [Dkt. No. 15].

Judge Gorenstein:

      Plaintiff, through its undersigned attorneys, hereby submits this letter (the "**Letter**") requesting that the Court either (i) schedule a pre-motion conference on Plaintiff's *Application for Attorneys Fees Under Fed. R. Civ. P. 37(a)(5)(A)* (the "**Application**") that Plaintiff intends to file in the above-captioned proceedings, or (ii) authorize Plaintiff to file the Application without a pre-motion conference. As this Court is well aware, there have been a number of discovery disputes in this matter, each of which have resulted in the Court entering an Order in favor of Plaintiff. *See, e.g.*, Dkt. Nos. 17, 19, 20, 30, 31, 32, 33, 34, 35, 36, and 37.

      Under FRCP 37(a), "when a party moves to compel disclosure or discovery and the court finds that the opposing party's position in opposing the motion was not 'substantially justified,' the judge must impose costs on the opposing party or on his attorney." *Bowne of New York City, Inc. v. AmBase Corp.*, 161 F.R.D. 258, 262 (S.D.N.Y. 1995); Fed. R. Civ. P. 37(a); *see also* Advisory Committee Notes to the 1970 Amendment (the attorneys' fees award under FRCP 37(a) is mandatory). Whether the opposing party was "substantially justified" in opposing the motion is an objective determination in which the court asks: would a hypothetical reasonable lawyer engage in similar conduct if confronted with the circumstances presented in the particular

July 7, 2016
Page 2

case before the court? *In re Omeprazole Patent Litig.*, No. M-21-81(BSJ), 2005 WL 818821, at *6 (S.D.N.Y. Feb. 18, 2005), *aff'd*, 227 F.R.D. 227 (S.D.N.Y. 2005) (awarding attorneys' fees and finding that the opposing party was not "substantially justified" where counsel "had simply eschewed and failed to follow the applicable rules.").

      Plaintiff asserts that it is entitled to all of its fees incurred in connection with the various discovery disputes pursuant to Rule 37 of the Federal Rules of Civil Procedure. Plaintiff further asserts that Defendant was not substantially justified in responding to any of the discovery disputes that came before the Court. The parties met and conferred personally (and in writing) on several occasions before the discovery disputes were ever brought to the Court and ruled upon. Therefore, Plaintiff respectfully requests a pre-motion conference to discuss these matters with the Court and Defendant, and respectfully request that the Court authorize Plaintiff to file its Application and documents in support thereof.

                              Respectfully,

                              */s/ Isaac M. Gabriel*

                              Isaac M. Gabriel

cc:    Oliver Blaise
        Chris Porterfield