IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SPIRIT REALTY, L.P., a Delaware limited partnership,<br><br>Plaintiff,<br><br>v.<br><br>GH&H MABLETON, LLC, a Georgia limited liability company; JOHN DOES 1-10,<br><br>Defendants. | Civil Action No.: 1:15-CV-05304 DAB GWG |

**PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES
UNDER FED. R. CIV. P. 37(a)(5)(A)**

Pursuant to Federal Rule of Civil Procedure ("FRCP") 37(a)(5)(A), Plaintiff, Spirit Realty, LP ("Plaintiff" or "Spirit"), respectfully moves for an Order requiring Defendant GH&H Mableton, LLC ("Defendant") to pay Plaintiff's attorneys' fees and costs incurred in connection with the Discovery Disputes (defined below). Throughout these proceedings, Defendant and its counsel have ignored deadlines set by the Court, issued discovery well after the parties' stipulated discovery cut-off deadline, made untimely and unjustified requests for discovery extensions (and an extension to file a summary judgment motion), and refused to meet their discovery obligations under the FRCP. In each of these instances, Defendant's behavior forced Plaintiff to seek the Court's assistance, as evidenced by the relief sought in Plaintiff's Motions (defined below) filed with the Court. The Court ruled in favor of Plaintiff in each of the Discovery Disputes (defined below), and FRCP 37(a)(5) mandates that Defendant and/or its undersigned counsel pay all of Plaintiff's attorneys fees incurred in connection with the Discovery Disputes (defined below). This Application is further supported by (i) the *Certification of Counsel In Support of Plaintiff's Application For Attorneys' Fees Under Fed. R. Civ. P. 37(a)(5)(A)* ("the Certification of Counsel"), (ii) *Declaration in Support Of Application*

*For Attorneys' Fees Under Fed. R. Civ. P. 37(a)(5)(A)* ("the Declaration of Isaac Gabriel"), and (iii) the entire record before the Court in this lawsuit.

## I. BACKGROUND FACTS.

This is a simple case. Plaintiff executed an Indemnity[1] (guaranty) covering only specific "bad boy" acts, such as fraud, dissipation of insurance proceeds, or other similar conduct. The Indemnity would also "spring" and be a full recourse guaranty if Plaintiff's affiliate, the borrower under a loan facility, filed bankruptcy, had a receiver appointed over its assets, or admitted in writing to being insolvent or unable to pay its debts as they became due. Borrower never committed any of the "bad boy" acts or the full recourse acts, and all of Borrower's operating expenses, taxes, insurance, etc. were timely paid. Nonetheless, over one year ago, Defendant advised Plaintiff in writing that it was "calling the guaranty" and seeking full repayment of over $1.4 million from Plaintiff. Plaintiff has always disputed its liability. Defendant refused to alter its position, and Plaintiff filed this lawsuit seeking a declaration that it is not liable under the Indemnity/guaranty. Defendant filed a counterclaim, asserting Plaintiff was in fact liable under the Indemnity and owed over $1.4 million to Defendant.[2]

On December 2, 2015, the Parties filed their "Joint Preliminary Report and Discovery Plan" (the "Joint Discovery Plan"), in which the Parties stipulated to various deadlines, including a strict 120 day discovery period (the "Discovery Period"). On December 15, 2015, the Court entered its Order [Dkt. No. 15] (the "Discovery Order") approving the Joint Discovery Plan. Pursuant to the Discovery Order, the Court directed (and the parties agreed) that all discovery

---

[1] Unless otherwise defined herein, all capitalized terms shall have the same meaning as set forth in Plaintiff's "Complaint/Declaratory Judgment" filed on July 8, 2015 [Dkt. No. 1] (the "Complaint").

[2] Defendant has now conceded that its counterclaim lacks merit and Plaintiff should be awarded summary judgment. *See* Defendant's Response To Plaintiff's Motion For Summary Judgment filed on June 29, 2016 [Dkt. No. 39]. In doing so, Defendant has tacitly conceded that its counterclaim and demands were frivolous from the start. Yet, Defendant threatened Plaintiff in writing to call the Indemnity (guaranty), asserted that Plaintiff was in default and owed Defendants over $1.4 million in its counterclaim, initial disclosure statement, and discovery responses, forced Plaintiff to litigate these issues for nearly a year, and resisted discovery on numerous occasions as set forth herein.

must be issued in time to be concluded by March 28, 2016 (the "Discovery Deadline"). Discovery Order, ¶ 2 [Dkt. No. 15].

In the Discovery Order, the Court reminded the Parties that all discovery requests and motions must be made no later than 30 days prior to the close of discovery. In other words, any party seeking discovery was required to issue it by February 26, 2016. In addition, under the Discovery Order and Judge Gorenstein's Individual Practices (the "Individual Practices") "absent extraordinary circumstances" no discovery motion or dispute relating thereto would be considered after 30 days prior to the close of discovery, which under the Discovery Deadline, was February 26, 2016. *See* Individual Practices, ¶ 2(A); Discovery Order, ¶ 3. The Discovery Order also ordered that "any application for an extension of the time limitations with respect to any deadlines in this matter must be made as soon as the cause for the extension becomes known to the party making the application." Discovery Order, ¶ 4. Finally, the Discovery Order provided that the Parties were required to file a request to file a motion for summary judgment by March 28, 2016. Discovery Order, ¶ 2

During the course of these proceedings, Plaintiff was forced to seek the Court's relief in connection with the following discovery disputes with Defendant:

1. Defendant, without seeking permission from the Court, issued two subpoenas on third parties approximately forty-five days after discovery had closed and refused to withdraw them despite Plaintiff's request (the "Unauthorized Subpoenas");[3]

2. Approximately ten (10) days *after* issuing the Unauthorized Subpoenas, Defendants then requested an extension of the discovery period, even though at that point discovery had been closed for approximately two (2) months (the "Discovery Extension Dispute");

---

[3] Despite the fact that the Discovery Period had closed and Defendant had not sought an extension from the Court, on or around May 13, 2014, Defendant sent Plaintiff copies of a "Subpoena to Ryan Tax Compliance Services, LLC" and "Subpoena to Colliers International Management-Atlanta, LLC" (as defined above, the Unauthorized Subpoenas), that had been issued on May 12, 2016, -- i.e., approximately 2 and 1/2 months after all written discovery was to be issued under the Discovery Order and approximately two weeks prior to the parties' stipulated summary judgment filing deadline. *See* the Subpoena Motion (as defined herein) at Dkt. No. 30 and the Court's Order quashing the Unauthorized Subpoenas at Dkt. No. 31.

3

3. After stipulating with Plaintiff to a May 27, 2016 deadline to file its summary judgment motion (the "MSJ Deadline"), on May 25, 2016, for the first time, Defendant requested that the Court grant a filing extension to July 12, 2016 (the "MSJ Deadline Dispute");[4]

4. Despite repeated written and oral requests, Defendant refused to schedule a deposition date for its Rule 30(b)(6) (the "Deposition Dispute"); and

5. Defendant also refused to supplement its inadequate and nonresponsive written discovery responses (the "Written Discovery Disputes" and together with the Unauthorized Subpoenas, the Discovery Extension Dispute, and the MSJ Deadline Dispute, and the Deposition Dispute, the "Discovery Disputes").

As set forth in the Certification of Counsel filed in support of this Application, for each of the Discovery Disputes, Plaintiff made a good faith effort to meet and confer with Defendant prior to involving the Court. A complete and authentic copy of the Certification of Counsel is attached hereto as **"Exhibit A"**. Despite Plaintiff's good faith efforts, Defendant remained obstinate and ultimately forced Plaintiff to file (1) a letter motion to quash the Unauthorized Subpoenas [Dkt. No. 30] (the "Subpoena Motion"), and (2) a letter motion to compel relating to the Deposition Dispute and the Written Discovery Disputes [Dkt. No. 17] (the "Discovery Motion"), and a letter opposing the reopening of discovery and the extension to the summary judgment filing deadline [Dkt. No. 36] (the "Deadline Motion", together with the Subpoena Motion and the Discovery Motion, the "Motions") with the Court. The Court ruled in favor of Plaintiff on each of the Motions. The total fees incurred in connection with the Motions, including meeting and conferring to attempt to avoid the need for the Motions, is $12,344.50. *See* Declaration of Isaac Gabriel, a complete and authentic copy of which is attached hereto as **"Exhibit B."**

## II. PLAINTIFF IS ENTITLED TO ITS ATTORNEYS' FEES AND COSTS PURSUANT TO FED. R. CIV. P. RULE 37(A).

Under FRCP 37(a), "when a party moves to compel disclosure or discovery and the court finds that the opposing party's position in opposing the motion was not 'substantially justified,'

---

[4] On March 28, 2016, Plaintiff and Defendant filed their respective letters to the Court, seeking leave to file a motion for summary judgment and requesting the Court set a scheduling conference. *See* Plaintiff's letter, filed on March 28, 2016 [Dkt. No. 24]; Defendant's letter filed on March 28, 2016 [Dkt. No. 25]. Thereafter, the Discovery Period expired and no party requested a further extension at that time.

4
QB\156179.00046\40334516.2

the judge must impose costs on the opposing party or on his attorney." *Bowne of New York City, Inc. v. AmBase Corp.*, 161 F.R.D. 258, 262 (S.D.N.Y. 1995); Fed. R. Civ. P. 37(a); *see also* Advisory Committee Notes to the 1970 Amendment (the attorneys' fees award under FRCP 37(a) is mandatory). Whether the opposing party was "substantially justified" in opposing the motion is an objective determination in which the court asks: would a hypothetical reasonable lawyer engage in similar conduct if confronted with the circumstances presented in the particular case before the court? *In re Omeprazole Patent Litig.*, No. M-21-81(BSJ), 2005 WL 818821, at *6 (S.D.N.Y. Feb. 18, 2005), *aff'd*, 227 F.R.D. 227 (S.D.N.Y. 2005) (awarding attorneys' fees and finding that the opposing party was not "substantially justified" where counsel "had simply eschewed and failed to follow the applicable rules.").

Because Plaintiff prevailed on each of the Discovery Disputes, Plaintiff is entitled to its attorney's fees and costs pursuant to FRCP 37(a). Defendant bears the burden of demonstrating it was substantially justified in taking its various positions relating to the Discovery Disputes. *Bowne of New York City, Inc. v. AmBase Corp.*, 161 F.R.D. at 263. Defendant cannot meet this burden, as *none* of its actions were justified.

### A. **Plaintiff Is Entitled To Its Fees In Connection With Defendant's Discovery Issued Well After Discovery Ended.**

First, Defendant issued the Unauthorized Subpoenas well after discovery had closed and on the eve of the MSJ Deadline. This was clearly improper, and Defendant refused to withdraw them despite Plaintiff's request. Therefore, Plaintiff was forced to file the Subpoena Motion. *See* [Dkt. No. 30]. On May 17, 2016, the Court entered an order [Dkt. No. 31] (the "May 17 Order") quashing the Unauthorized Subpoenas and ordering Defendant to respond to the Subpoena Motion. On May 19, 2016, Defendant filed its letter response [Dkt. No. 32] ("Response") to the Subpoena Motion in which Defendant admitted it had issued the Unauthorized Subpoenas two and 1/2 months after the deadline to issue. Response, p. 1. Defendant's Response did not explain why it had issued discovery after the close of the Discovery Period and failed to address the "extraordinary circumstances" standard set forth in the Court's Individual Practices.

5

On May 20, 2016, the Court entered its Memo Endorsement [Dkt. No. 33], noting that the Court did not understand what relief Defendant was seeking and reminded Defendant that it had not addressed the applicable legal standard related to discovery extension requests. *See* Dkt. No. 33. Despite this, the Court gave Defendant a second chance to meet and confer with Plaintiff and, if needed, to file a second letter motion addressing the substantial deficiencies in its Response.

After holding a meet and confer with Plaintiff during which Defendant refused to withdraw the Unauthorized Subpoenas or articulate any "extraordinary circumstance" that would warrant an extension of the Discovery Period, on May 25, 2016, Defendant filed its second letter motion [Dkt. No. 34] (the "Second Response") with the Court, in which Defendant requested an "extension" of the Discovery Period (even though the Discovery Period had closed two months prior), but again provided no "extraordinary circumstances" that would warrant such a request.

Accordingly, in its Order entered on May 26, 2016 [Dkt. No. 35] (the "May 26 Order"), the Court denied Defendant's request to extend the Discovery Period. May 26 Order, p. 1. In the May 26 Order, the Court noted that, "[i]ncredibly, [D]efendant's application to [extend the Discovery Period and extend the MSJ Deadline] not only ignores the legal standard, it fails to provide any reason why the discovery deadline could not be complied with, other than to make the conclusory statement that 'there is a need to complete third-party discovery.' No further explanation — let alone an explanation that satisfied the 'excusable neglect' standard of Fed. R. Civ. P. 6(b0(1)(B) — is supplied." May 26 Order, p. 1.

As the Court found, there was no justification for Defendant's conduct in issuing subpoenas over 2 and ½ months after the written discovery deadline. Defendant was also not justified in refusing to withdraw the Unauthorized Subpoenas. A reasonable hypothetical lawyer would not issue the Unauthorized Subpoenas *sua sponte* two and 1/2 months after the Discovery Period had closed. A reasonable hypothetical lawyer also would not move to re-open discovery two months after discovery closed without new facts or evidence justifying such. As such,

6

Plaintiff is entitled to all of its fees in connection with these discovery disputes pursuant to FRCP 37.

B. **Plaintiff Is Entitled To Its Fees In Connection With the MSJ Deadline Dispute.**

Despite stipulating to an MSJ Deadline that was thirty days more generous than what was allowed under the FRCP,[5] on May 25, 2016 – i.e., *two days before* the MSJ Deadline -- Defendant requested an extension of the MSJ Deadline for the first time. Second Response [Dkt. No. 34], p.1. In its Second Response, Defendant alleged that it needed until July 12, 2016 to prepare and file its motion for summary judgment because of "(1) the general press of other urgent business; (2) the need to complete third party discovery; and (3) to complete the state court foreclosure confirmation action," which was a completely distinct legal proceeding pending in Georgia." Second Response, p. 2.

In its May 26 Order, the Court preliminarily extended the MSJ Deadline to June 6, 2016, but noted that it only "grants such requests where parties explain why they could not comply with the deadline. Here, defendant's counsel states only that he is experiencing 'the general press of other urgent business.'" May 26 Order, p.1. Therefore, after Defendant again failed to articulate a valid reason why it warranted an extension, on May 27, 2016, the Court entered its order [Dkt. No. 37] (the "May 27 Order") denying Defendant's request to extend the summary judgment deadline beyond June 6, 2016. As set forth in Plaintiff's response [Dkt. No. 37], Defendant's reasoning did not constitute grounds to further extend the MSJ Deadline and

---

[5] As set forth in the "Joint Motion to Approve Briefing Schedule for Summary Judgment Motions and Related Responsive Pleadings" [Dkt. No. 28] (the "Joint Motion"), on April 8, 2016, the Parties held a scheduling conference (the "Scheduling Conference") to set joint filing deadlines for the Parties' respective summary judgment motions. Under FRCP 56(b), the Parties would have been required to file their respective motions for summary judgment no later than 30 days after the close of the Discovery Period – i.e., April 27, 2016. See Fed. R. Civ. P. 56(b) ("a party may file a motion for summary judgment at any time until 30 days after the close of all discovery."). Plaintiff initially suggested the Parties adhere to the timeframe under FRCP 56(b). Defendant's counsel requested additional time, indicating that that he had a busy April. Thus, Plaintiff consented, and the Parties agreed to double the normal timeframe, allowing 60 days to file their respective summary judgment motions and setting the filing deadline for May 27, 2016. The parties then entered into and filed the Joint Motion, which was approved by the Court in its Order [Dkt. No. 29] entered on April 18, 2016 (the "MSJ Scheduling Order").

7

Defendant's invocation of the Georgia proceeding as a basis to do so was misleading under the plain language of the statute governing that proceeding (which had nothing to do with this case).

Defendant also made multiple representations to the Court that it required an extension so that it could adequately prepare its summary judgment motion. Thereafter, however, Defendant's counsel contacted Plaintiff's counsel and indicated Defendant would not be moving for summary judgment, and instead agreed that Defendant could not obtain relief in this matter. *See also* footnote 1, *supra*. Thus, the June 6, 2016 deadline to file passed and Defendant did not file a summary judgment motion.

Defendant's filings were not substantially justified because these are not actions that a hypothetical reasonable lawyer would take in these proceedings. A hypothetical reasonable lawyer would not request an extension of the MSJ Deadline just two days before it was set to expire because Defendant's counsel was experiencing "the general press of other urgent business," nor would a reasonable attorney make multiple representations to the Court that it needed more time to file its summary judgment motion, only to never file a motion and at the same time admit that it has no valid counterclaim. Accordingly, the Court must award Plaintiff its attorneys fees incurred in connection with the MSJ Deadline Dispute pursuant to FRCP 37(a).

**C.    Plaintiff Should Be Awarded Its Fees Incurred In Connection With The Deposition Dispute and Written Discovery Disputes.**

Plaintiff timely served written discovery ("Plaintiff's Written Discovery") on Defendant on January 8, 2016. Plaintiff also requested a Rule 30(b)(6) deposition of Defendant. After an unsuccessful meet and confer, on February 26, 2016, as a result of Defendant's repeated failure to properly respond to Plaintiff's Written Discovery, or to provide dates for the Rule 30(b)(6) deposition, Plaintiff was forced to file its Discovery Motion with the Court. As set forth more fully in the Discovery Motion [Dkt. No. 17], Plaintiff requested the Court to compel Defendant to provide adequate responses to Plaintiff's Written Discovery and schedule a 30(b)(6) deposition date. Defendant filed a response to the Discovery Motion on March 1, 2016 [Dkt. No.

8

19] in which Defendant belatedly provided deposition dates and failed to address why it had failed to voluntarily supplement its deficient written discovery responses.

On March 2, 2016, the Parties appeared telephonically (the "Telephonic Conference") before the Court to discuss these disputes. During the Telephonic Conference, the Court ordered that, among other things (1) the deposition was adjourned to March 22, 2016, (2) Defendant was ordered to comply with its written discovery obligations by March 15, 2016, and (3) Defendant was ordered to reimburse Plaintiff for its costs to rebook plane tickets that it had already booked to Atlanta, Georgia in reliance on a March 4, 2016 deposition date. [See Dkt. No. 20].

Defendant's actions taken in connection with the Deposition and Written Discovery Disputes were not substantially justified. A hypothetical reasonable lawyer would not refuse to comply with its basic obligations under the FRCP and would not refuse to provide deposition dates until forced to do so under a court's order. Therefore, under FRCP 37(a), the Court must award Plaintiff its attorneys fees incurred in connection with the Deposition and Written Discovery Disputes.

### III. CONCLUSION

For the reasons set forth above, and based on the entire record before the Court in this matter, Plaintiff respectfully requests the Court an Order, a form of which is attached hereto as **"Exhibit C"**, (1) finding that Defendant and its attorneys' were not "substantially justified" in responding to the Discovery Disputes, (2) awarding Plaintiff its attorneys' fees and costs in the amount of $12,344.50 incurred in connection with the Discovery Disputes and ordering that Defendant and/or Defendant's attorneys are liable to pay such fees, and (3) granting such other relief as the Court deems just and proper.

9
QB\156179.00046\40334516.2

Respectfully submitted this 11th day of July, 2016.

        SAIBER LLC
        MARC C. SINGER
        JOHN M. AUGUST
        18 Columbia Turnpike, Suite 200
        Florham Park, New Jersey 07932-2266
        T: (973) 622-3333
        F: (973) 622-3349
        E-MAIL: msinger@saiber.com
        jaugust@saiber.com

        -AND-

        QUARLES & BRADY LLP
        ISAAC M. GABRIEL (*admitted pro hac vice*)
        Renaissance One
        Two North Central Avenue
        Phoenix, Arizona 85004-2391
        T: (602) 230-4622
        F: (602) 420-5030
        E-MAIL: isaac.gabriel@quarles.com
        *Attorneys for Plaintiff Spirit Realty, L.P.*

        By: /s/ Isaac M. Gabriel
            Isaac M. Gabriel
            (admitted *pro hac vice*)

# CERTIFICATE OF SERVICE

I certify that I have this day sent a copy of the foregoing via e-mail and First-class Mail, postage pre-paid, addressed as follows:

Oliver N. Blaise, III, Esq.
Coughlin & Gerhart, LLP
99 Corporate Drive
Binghamton, New York 13904
E-MAIL:	OBlaise@cglawoffices.com

This 11th day of July, 2016.

/s/ Isaac M. Gabriel
Isaac M. Gabriel
(admitted *pro hac vice*)
*Counsel for Plaintiff Spirit Realty, L.P.*


QUARLES & BRADY LLP
ISAAC M. GABRIEL
Renaissance One
Two North Central Avenue
Phoenix, Arizona 85004-2391
T: (602) 230-4622
F: (602) 420-5030
E-MAIL:	isaac.gabriel@quarles.com