```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
SPIRIT REALTY, L.P.,                           :
                                                                    MEMORANDUM ORDER
                Plaintiff,                     :

     -v.-                                      :   15 Civ. 5304 (GWG)

GH&H MABLETON, LLC,                            :

                Defendant.                     :
---------------------------------------------------------------X
```

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

Plaintiff Spirit Realty, L.P., formerly known as Cole Operating Partnership II, L.P. ("Spirit Realty") moves pursuant to Federal Rule of Civil Procedure 37(a)(5)(A) for expenses it incurred resulting from five disputes with defendant GH&H Mableton, LLC ("GH&H") during the discovery phase of this action.[1]  While the Court is dismissing the action today in a separate Opinion and Order, a court may consider a motion for sanctions based on "procedural violations" even if the action is no longer pending.  See generally Hernandez v. Conriv Realty Assocs., 116 F.3d 35, 41 (2d Cir. 1997) (upholding award of attorneys fees under Fed. R. Civ. P. 16(c)).

Governing Law

Plaintiff moves exclusively under Federal Rule of Civil Procedure Rule 37(a)(5)(A). Rule 37(a) governs orders "compelling disclosure or discovery."  Rule 37(a)(5) provides that, if a motion to compel discovery is granted, the Court must grant the movant its reasonable

---

[1] See Plaintiff's Application for Attorneys' Fees Under Fed. R. Civ. P. 37(a)(5)(A), filed July 11, 2016 (Docket # 44) ("Pl. Appl."); Defendant's Response in Opposition to Plaintiff's Application for Attorneys' Fees, filed July 21, 2016 (Docket # 47) ("Response"); Plaintiff's Reply in Support of its Application for Attorneys' Fees Under Fed. R. Civ. P. 37(a)(5)(A), filed July 26, 2016 (Docket # 49).

expenses incurred in making the motion, including attorneys' fees, unless the movant did not make a good faith attempt to obtain the discovery without court action; the movant failed to confer in advance with the non-movant; the non-movant's action was "substantially justified"; or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). Monetary sanctions under these rules serve two purposes: "In part, they are intended to deter discovery abuses. At the same time, they are designed to compensate the prevailing party for expenses it would not have incurred had the sanctioned party conducted itself properly." SJ Berwin & Co. v. Evergreen Entm't Grp., 1994 WL 501753, at *2 (S.D.N.Y. Sept. 14, 1994) (citation omitted) (interpreting prior version of Rule 37). We now examine each of the five disputes for which Spirit Realty claims fees.

Plaintiff's Application to Quash Subpoenas

Plaintiff notes that defendant, without seeking permission from the Court, issued two subpoenas to third parties approximately 45 days after discovery had closed. Pl. Appl. at 5-6. Plaintiff filed a letter seeking to quash the subpoenas based on untimeliness. Letter from Isaac M. Gabriel, counsel for plaintiff, to the Hon. Gabriel W. Gorenstein, filed May 17, 2016 (Docket # 30). After defendant responded, the Court granted the application to quash. See Memo Endorsement on Response to Motion, filed May 20, 2016 (Docket # 33). While plaintiff seeks its expenses for having to file its letter, no fees can be awarded because the letter did not seek "an order compelling disclosure or discovery." Therefore, the application for expenses is denied.[2]

---

[2] While Fed. R. Civ. P. 16(f) permits an award of sanctions where a party fails to obey a scheduling order, plaintiff does not seek relief under this rule.

Defendant's Application to Extend the Discovery Period

Plaintiff seeks its expenses based on the fact that, shortly after the Court granted the application to quash the subpoenas, GH&H sought an extension of the discovery period, see Letter from Christopher M. Porterfield, counsel for defendant, to the Hon. Gabriel W. Gorenstein, dated May 25, 2016 (Docket # 34) ("May 25 Letter"), "even though at that point discovery had been closed for approximately two (2) months," Pl. Appl. at 3.  The Court denied this request the next day without requiring plaintiff to respond to GH&H's letter.  Order, filed May 26, 2016 (Docket # 35).  Once again, no fees will be awarded because plaintiff at no time sought "an order compelling disclosure or discovery."  Fed. R. Civ. P. 37(a).

Defendant's Application to Extend the Deadline for Filing a Summary Judgment Motion

In the same letter that defendant wrote seeking an extension of the discovery period, defendant also sought to extend the summary judgment deadline from May 25, 2016, to July 12, 2016.  May 25 Letter.  Plaintiff opposed this application in a letter.  Letter from Isaac M. Gabriel, counsel for plaintiff, to the Hon. Gabriel W. Gorenstein, dated May 27, 2016 (Docket # 36).  Again, no fees will be awarded for this letter because it did not seek "an order compelling disclosure or discovery."  Fed. R. Civ. P. 37(a).

Scheduling of Rule 30(b)(6) Deposition

Spirit Realty had significant difficulty in scheduling a deposition with a designee of GH&H, making emailed requests for mutually convenient dates over many weeks without a satisfactory response.  See Plaintiff's Letter Motion for Discovery, filed Feb. 26, 2016 (Docket # 17) ("Feb. 26 Letter"), Ex. D.  Spirit Realty served a 30(b)(6) notice on GH&H on February 17, 2016, unilaterally setting a deposition date for March 4.  Id. at Ex. C.  GH&H responded on February 23, requesting that the parties reschedule the deposition for the week of March 14,

because March 4 would not be convenient for the designee or for GH&H's attorney. Id. at Ex. G. Counsel for Spirit Realty had already purchased airline tickets for the March 4 deposition, however, and would incur fees totaling $400 to change flights. Id. at 4 n.3. In an order resolving the dispute, this Court ordered reimbursement of the $400. See Order, filed Mar. 2, 2016 (Docket # 20).

Unlike the disputes previously discussed, this dispute relates to an application for an order "compelling disclosure or discovery." We begin by addressing defendant's argument that Rule 37(a)(5) does not apply because plaintiff made its application by letter rather than by motion. Response at 1-2. While Rule 37(a)(5) refers to a "motion," the Court's Individual Practices make clear that any application for discovery must be made by letter and notes that "the Court may decide the [discovery] dispute based solely on the letters." See Individual Practices of Judge Gabriel W. Gorenstein ¶ 2.A. Additionally, this District's Local Rules permit certain motions to take the form of a letter rather than including the caption and other matters of form normally required. See S.D.N.Y. Local Civ. R. 7.1(d). In these circumstances, the letter plaintiff wrote qualifies as a "motion" under Fed. R. Civ. P. 7(b), which requires that motions be "in writing," "state with particularity the grounds for seeking the order," and "state the relief sought." Thus, fees may be awarded under Fed. R. Civ. P. 37(a)(5). See generally Mantell v. Chassman, 512 F. App'x 21, 24 (2d Cir. 2013) (summary order) (affirming imposition of sanctions under Rule 37(a)(5) based on letter seeking to compel discovery); JSC Foreign Econ. Ass'n Tecnostroyexport v. Int'l Dev. & Trade Servs., Inc., 2005 WL 1958361, at *14 n.7 (S.D.N.Y. Aug. 16, 2005) ("It would be unfair to [movant] to deprive it of Rule 37's cost shifting protection because of the absence of a formal motion despite extensive judicial proceedings.").

The problem with plaintiff's application, however, is that at the time it was written, defendants had made clear that its witness and attorney would not be available on the date plaintiff noticed for his deposition. While defendant's counsel had been improperly non-responsive to plaintiff's previous efforts to set a deposition date, the particular relief sought in the February 26 letter — and the only relief that could be the subject of an application for expenses — was plaintiff's application to the Court to schedule the deposition on the very date that defendant had said it would not be available. See Feb. 26 Letter at 4. Defendant's explanation for why it could not be available on that date, see Letter from Christopher M. Porterfield, counsel for defendant, to the Hon. Gabriel W. Gorenstein, dated Mar. 1, 2016 (Docket # 19) ("Mar. 1 Letter"), reflects "substantial[] justifi[fication]" within the meaning of Rule 37(a)(5). See Feb. 26 Letter at 2-3, Exs. C, E (GH&H offers alternative dates for the deposition within two weeks of the date Spirit Realty noticed). Spirit Realty was already awarded compensation in the form of the airplane ticket change fee. See Order Granting Letter Motion for Discovery, filed Mar. 2, 2016 (Docket # 20). No further sanction is appropriate.

Defendant's Alleged Refusal to Supplement Written Discovery Responses

In the same letter in which the plaintiff sought to resolve the deposition issue, it sought supplemental responses to certain of its interrogatory requests. See Feb. 26 Letter. For the reasons stated above, we conclude that this letter constitutes a "motion" under Rule 37.

Defendant's letter responding to plaintiff's motion for expenses notes only that it was seeking to resolve the litigation through settlement, see Mar. 1 Letter at 2, and provides no information that would allow the Court to find that its conduct was "substantially justified." Its memorandum in opposition to plaintiff's motion does not argue that its conduct was "substantially justified" or that any of the other exceptions in Rule 37(a)(5) apply. See Response

at 2. Accordingly, plaintiff is entitled to the reasonable expenses it incurred (1) drafting the portion of the February 26 Letter that addressed the written discovery responses; and (2) preparing for and participating in the portion of the March 2 telephone conference that resolved the dispute.[3]

As to how much attorney time might reasonably be attributed to these matters, the Court is hampered by the fact that the February 26 letter and the March 2 conference addressed both a compensable matter and a non-compensable matter. Based on the plaintiff's billing records and the Court's own views as to the amount of time that should reasonably have been expended, the Court concludes that plaintiff's reasonable expenses amount to $826.00 in attorney fees.[4]

---

[3] The Court notes that the conference lasted 17 minutes. The Court notes further that plaintiff is entitled only to its reasonable expenses "in making the motion," Rule 37(a)(5) — not for expenses relating to its communications with defendant regarding the discovery dispute before the motion was made.

[4] This figure is based on allowing 1.6 hours of attorney time at a rate of $435.00 per hour and 1 hour of attorney time based on $260.00 per hour, allocated between two attorneys on this matter. Defendant has not contested plaintiff's hourly rates.

Conclusion

For the foregoing reasons, Spirit Realty's motion for sanctions (Docket # 44) is granted in part and denied in part. Spirit Realty is awarded $826.00 for its reasonable expenses pursuant to Fed. R. Civ. P. 37(a)(5). Defendant shall pay this amount to Spirit Realty's attorney within 14 days of the date of this Order.

SO ORDERED

Dated: January 2, 2017
New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge

7